IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00069-KDB-DSC

| | |
|---|---|
| **TAILORED CHEMICAL PRODUCTS INC.,** | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| **DAFCO INC. et. al.,** | ) ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on the following Motions:

1. Defendant Eco-Tote Contained Services LLC's "Motion to Dismiss Defendant Anderson Family Properties LLC's Amended Crossclaims" (document #104) and "Motion to Dismiss Defendant Kiser-Sawmills Inc.'s Crossclaims" (document #109); and

2. Defendant Thomas J. McKittrick's "Motion to Dismiss Defendant Kiser-Sawmills Inc.'s Crossclaims" (document #111) as well as the parties' briefs and exhibits.

These Motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and are ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant McKittrick's Motion to Dismiss be granted. The Court further recommends that Defendant Eco-Tote Contained Services LLC's Motions to

Dismiss be <u>granted</u> as to Anderson Family Properties LLC and Kiser-Sawmills, Inc.'s Crossclaims for breach of contract and negligence but otherwise <u>denied</u>, as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an action for contribution under 42 U.S.C. § 9613 of the Comprehensive Environmental Response, Cost Recovery and Liability Act ("CERCLA"). Accepting the factual allegations of the Amended Complaint as true, Plaintiff, pursuant to an Administrative Settlement Agreement and Order on Removal Actions ("AOC") with the United States Environmental Protection Agency ("EPA"), analyzed, treated, removed and disposed of approximately 9,000 - 275 gallons totes from property in Hudson, North Carolina. The property was owned by Defendant Anderson Family Properties LLC ("Anderson") and leased to Defendant DAFCO Inc. ("DAFCO"). Plaintiff spent more than $7,000,000 in the process. The AOC is attached to the Complaint and incorporated by reference into the Amended Complaint. Document #1-4; Document #49 at 16.

Plaintiff manufactures adhesives and related products. It generates wastewater during this process.

In 2009, Plaintiff consulted with Defendant Keister, who held himself out as an expert in the treatment of industrial wastewater. In 2010, Plaintiff entered into an agreement with Keister and his company DAFCO. They agreed that Plaintiff would send totes containing wastewater to a location designated by Keister and DAFCO where they would treat the wastewater and clean the totes.

Plaintiff shipped wastewater totes to a facility in Lenoir, North Carolina that DAFCO leased from Defendant Kiser-Sawmills Inc. ("KSI"). DAFCO was also accepting wastewater totes from other companies for processing there. In 2014, KSI evicted DAFCO for failure to pay rent.

In February 2015, DAFCO leased the property in Hudson from Defendant Anderson for its wastewater treatment operation. Some time after that, KSI moved the wastewater totes DAFCO had abandoned at KSI's property to the Anderson property in Hudson.

In January 2016, Defendant McKittrick formed Defendant Eco-Tote Container Services LLC ("Eco-Tote"). In March 2016, Eco-Tote purchased DAFCO's assets including its rights to treat wastewater in the totes located on the Anderson Property. Pursuant to instructions from DAFCO and Eco-Tote, Plaintiff sent wastewater totes to the Anderson property. In the AOC, EPA found that Eco-Tote took over operation of the site and that ECO-Tote and DAFCO eventually abandoned the site leaving over 9,000- 275 gallon totes of untreated wastewater.

In April 2016, Plaintiff began sending its wastewater totes to Eco Tote in Charlotte for treatment and cleaning.

In May 2017, Anderson sued Plaintiff in Caldwell County Superior Court. Anderson sought an injunction requiring Plaintiff to remove the totes as well as damages for trespass. In 2018, following an evidentiary hearing, Superior Court Judge Eric Levinson found that sixty-five percent of the abandoned wastewater totes came from Plaintiff. Judge Levinson ordered Plaintiff to remove those totes from the Anderson property. Judge Levinson's Order also found that Plaintiff shipped a total of 429 totes to Eco-Tote at the Anderson property. No appeal was taken from Judge Levinson's Order, which was attached to the Complaint and incorporated by reference into the Amended Complaint. Document #1-3; Document #49 at 14.

On May 31, 2018, the Hazardous Waste Section of the North Carolina Department of Environmental Quality ("DEQ") issued a Notice of Violation ("NOV") to Plaintiff and Anderson. The NOV required an assessment and inventory of the material in the totes. In September 2018, Plaintiff submitted a sampling plan to DEQ. In 2019, DEQ received analytical data indicating that

some of the wastewater in the totes contained tetrachloroethene at levels constituting hazardous waste. In May 2019, Plaintiff entered into the AOC with EPA.

The AOC required Plaintiff to analyze, remove and properly dispose of all material in the totes on the Anderson property including wastewater totes that did not originate from Plaintiff. Plaintiff completed that work and submitted a final report to EPA on April 21, 2020. Some of the material in the totes was determined to be hazardous waste and was disposed of accordingly.

On May 3, 2021, Plaintiff filed this action. The Amended Complaint alleges claims under CERCLA for contribution and cost recovery from Defendants and a declaratory judgment of the parties' responsibilities for those costs. Plaintiff also alleges a state law breach of contract claim.

On September 17, 2021, Defendants Eco-Tote, KSI and McKittrick moved to dismiss the Amended Complaint.

On December 3, 2021, the undersigned recommended that McKittrick's Motion to Dismiss be <u>granted</u> and that Eco-Tote and KSI's Motions to Dismiss be <u>granted</u> as Plaintiff's breach of contract claim but <u>denied</u> as to the CERCLA claim. <u>See</u> "Memorandum and Recommendation" (document #135).

Anderson and KSI filed Crossclaims which as amended state claims against McKittirck and Eco-Tote under CERCLA as well as state law claims for breach of contract and negligence. <u>See</u> Anderson Crossclaims at 30-38 (Document #77); KSI Crossclaims at 30 (document #78). KSI's Crossclaims merely incorporate the allegations of the Amended Complaint and the Anderson Crossclaims. <u>Id.</u>

On September 30, 2021, Eco-Tote and McKittrick moved to dismiss the Anderson Crossclaims.

On October 5, 2021, Eco-Tote and McKittrick moved to dismiss KSI's Crossclaims. The parties incorporated their briefs on the Motion to Dismiss the Anderson Crossclaims into this Motion as well.

On October 29, 2021, Anderson voluntarily dismissed its Crossclaims against McKittrick. Document #127.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy

"because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

### B. CERCLA Crossclaims

#### 1. Eco-Tote

CERCLA allows "private parties to recover the costs of cleaning up hazardous wastes from certain defined types of person." PCS Nitrogen Inc. v. Ashley II of Charleston LLC, 714 F.3d 161, 167 (4th Cir. 2013) (quoting Axel Johnson, Inc. v. Carroll Carolina Oil Co., 191 F.3d 409, 413 (4th Cir. 1999)). To establish a prima facie case for cost recovery, a plaintiff must plead that (1) the defendant is a potentially responsible person ("PRP"); (2) the site constitutes a "facility"; (3) a "release" or a threatened release of hazardous substances exists; (4) the plaintiff has incurred costs responding to the release or threatened release of hazardous substances; and (5) the response costs conform to the National Contingency Plan. Id. at 167-68 (citing 42 U.S.C. §§ 9601(9), (22), 9607(a) and ABB Indus. Sys., Inc. v. Prime Tech., Inc., 120 F.3d 351, 356 (2d Cir.1997)).

There are four non-mutually exclusive classes of PRPs. Id. at 172 (citing 42 U.S.C. § 9607(a) and Nurad, Inc. v. William E. Hooper & Sons Co., 966 F.2d 837, 841 (4th Cir. 1992)). They include (1) the current "owner" or "operator" of a "facility"; (2) any "person" who "owned" or "operated" the "facility" at the time of disposal of a hazardous substance; (3) any "person" who "arranged for disposal or treatment" of hazardous substances at the "facility"; and (4) any "person" who accepts hazardous substances "for transport to disposal or treatment facilities, incineration vessels or sites." Id.

"The classes of PRPs have an undeniably broad reach." Id. (citing United States v. Atl. Research Corp., 551 U.S. 128, 136 (2007)). But the limitations of derivative liability inherent in corporate law still apply. Id. (citing United States v. Bestfoods, 524 U.S. 51, 62–64 (1998)). Therefore, an LLC's liability under CERCLA does not arise unless the court "pierce[es] the corporate veil." United States v. Godley, 2020 WL 4507324 at *6 (W.D.N.C. Aug. 5, 2020).

The Court has previously concluded that there are sufficient factual allegations to establish that Eco-Tote is a PRP. "Memorandum and Recommendation" at 7 (document #135). Accordingly, the undersigned respectfully recommends that Eco-Tote's Motions to Dismiss be denied as to Anderson and KSI's CERCLA Crossclaims.

### 2. McKittrick

Piercing the veil is a "drastic remedy … invoked only in an extreme case…." Dorton v. Dorton, 336 S.E.2d 415, 419 (NC App. 1985). See also Bear Hollow, L.L.C. v. Moberk, L.L.C., 2006 WL 1642126 at *17 (W.D.N.C. June 5, 2006) (piercing the veil is a "drastic remedy") (citations omitted). It is a narrow exception to the general principle of limited liability. It applies only when a shareholder or manager so manipulates the business entity that it has no "separate mind, will or existence" other than as a "mere instrumentality or tool." Herrmann Int'l, Inc. v. Herrmann Int'l Eur., 2021 WL 861712 at *6 (W.D.N.C. Mar. 8, 2021) (citation and internal quotation marks omitted). The three essential elements of piercing the veil are: (1) "complete domination, not only of finances, but of policy and business practice" respecting the conduct alleged such that the business entity had "no separate mind, will, or existence of its own"; (2) the control "must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of a plaintiff's legal rights"; and (3) the individual's "control and breach of duty must proximately cause the injury or unjust loss complained of." Bear Hollow, 2006 WL 1642126 at *17 (citations omitted). Other allegations that may support a veil piercing claim include inadequate capitalization, and non-compliance with corporate formalities. Timber Integrated Invs., LLC v. Welch, 737 S.E.2d 809, 817 (NC App. 2013) (citations omitted).

As previously stated, conclusory allegations of "domination" or "control" are insufficient to pierce the corporate veil. "Memorandum and Recommendation" at 8 (document #135). The undersigned respectfully recommends that Defendant McKittrick's Motion to Dismiss the CERCLA Crossclaims be <u>granted</u>.

### C. <u>State Law Crossclaims</u>

In North Carolina, claims for breach of contract and negligence are governed by a three-year statute of limitations. N. C. Gen. Stat. §1-52. Anderson filed its lawsuit against Plaintiff in May 2017. Accordingly, the parties were aware of the release of hazardous waste on the property no later than that date. This lawsuit was filed four years later. Anderson and KSI's Crossclaims for breach of contract and negligence are untimely. Accordingly, the undersigned respectfully recommends that Defendants Eco-Tote and McKittrick's Motions to Dismiss be <u>granted</u> as to the state law Crossclaims.

### III. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that:

1. Defendant Thomas J. McKittrick's "Motion to Dismiss Defendant Kiser-Sawmills Inc.'s Crossclaims" (document #111) be **GRANTED**.

2. Defendant Eco-Tote Contained Services LLC's "Motion to Dismiss Defendant Anderson Family Properties LLC's Amended Crossclaims" (document #104) and "Motion to Dismiss Defendant Kiser-Sawmills Inc.'s Crossclaims" (document #109) be **GRANTED IN PART** and **DENIED IN PART**, that is, **GRANTED** as to the breach of contract and negligence Crossclaims and otherwise be **DENIED**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED**.

Signed: December 8, 2021

David S. Cayer
United States Magistrate Judge