IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00069-KDB-DSC

| | |
|---|---|
| TAILORED CHEMICAL PRODUCTS, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> DAFCO INC., ET AL., <br><br> **Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant Kiser-Sawmills Inc.'s ("KSI") Motion to Dismiss (Doc. No. 78), Defendant Thomas J. McKittrick's "Motion to Dismiss…" (Doc. No. 79), Defendant Eco-Tote Contained Services LLC's "Motion to Dismiss…" (Doc. No. 81), Defendant Eco-Tote Contained Services LLC's "Motion to Dismiss Defendant Anderson Family Properties LLC's Amended Crossclaims" (Doc. No. 104) and "Motion to Dismiss Defendant Kiser-Sawmills Inc.'s Crossclaims" (Doc. No. 109), Defendant Thomas J. McKittrick's "Motion to Dismiss Defendant Kiser-Sawmills Inc.'s Crossclaims" (Doc. No. 111), the Memoranda and Recommendations of the Honorable Magistrate Judge David S. Cayer ("M&R") filed December 3, 2021 and December 8, 2021 (Doc. Nos. 135 and 136) and Defendant KSI's Objection to the M&R (Doc. No. 138). The Court has carefully considered these motions, the parties' briefs and other pleadings of record in this action. As discussed below, the Court concludes after its *de novo* review that the recommendations in the M&R to 1) grant Defendant McKittrick's Motion to Dismiss, 2) grant KSI's and Defendant Eco-Tote Contained Services LLC's motions to dismiss as to Plaintiff's breach of contract claim, but otherwise deny the motions, 3) grant Defendant

1

McKittrick's motion to dismiss KSI's crossclaims, and 4) grant Defendant Eco-Tote Contained Services LLC's motions to dismiss as to Anderson Family Properties LLC and Kiser-Sawmills, Inc.'s Crossclaims for breach of contract and negligence but otherwise deny the motions are correct and in accordance with law. Therefore, the findings and conclusions of the Magistrate Judge will be **ADOPTED** and the various motions will be resolved as recommended.

## I. LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" and need not give any explanation for adopting the M&R. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina*, No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. FACTS AND PROCEDURAL HISTORY

This is an action for contribution under 42 U.S.C. § 9613 of the Comprehensive Environmental Response, Cost Recovery and Liability Act ("CERCLA") related to the analysis,

3

treatment, removal and disposal of approximately 9,000 "totes," each containing 275 gallons of wastewater, from property in Hudson, North Carolina (the "Site").

Plaintiff manufactures adhesives and related products. In the course of manufacturing, Plaintiff generates wastewater. In 2009, Plaintiff consulted with Defendant Keister who held himself out as an expert in the treatment of industrial wastewater. In 2010, Plaintiff entered into an agreement with Keister and his company, Defendant DAFCO, Inc. They agreed that Plaintiff would send totes containing wastewater to a location designated by Keister and DAFCO. Keister and DAFCO would then treat the wastewater and clean the totes.

Plaintiff shipped wastewater totes to a facility in Lenoir, North Carolina that DAFCO allegedly leased from KSI, which disputes that a written lease was created between them. DAFCO also accepted wastewater totes from companies other than Plaintiff for processing at KSI's property. In 2014, KSI evicted DAFCO for failure to pay rent and then in 2015 KSI moved the wastewater totes DAFCO had abandoned at KSI's property to the Site in Hudson.

On May 3, 2021, Plaintiff filed this action. The Amended Complaint alleges claims under CERCLA for contribution and cost recovery from Defendants and a declaratory judgment of the parties' responsibilities for those costs. Plaintiff also alleges a state law breach of contract claim.

Defendants Eco-Tote, KSI and McKittrick moved to dismiss the Plaintiff's claims as well as various crossclaims. In response, Plaintiff did not oppose dismissal of the breach of contract claims. The Court referred the motions to the Magistrate Judge, and he issued two M&Rs making the recommendations discussed above. Only KSI filed objections to the recommendations, which are now ripe for the Court's consideration.

## III. DISCUSSION

First, the Court briefly addresses the portions of the M&R recommendations to which no objection has been made. Having carefully reviewed the M&R, the relevant portions of the record and applicable legal authority, this Court is satisfied that there is no clear error as to those recommendations. *See Diamond,* 416 F.3d at 315. Accordingly, this Court finds that it should adopt the findings and recommendations set forth in the M&R as its own and that those recommendations to which no objection has been filed should be adopted.

With respect to KSI's objections, the Court finds that they should be overruled and Plaintiff's CERCLA claims against it be allowed to proceed as recommended by the M&R. As describe in the M&R, CERCLA allows "private parties to recover the costs of cleaning up hazardous wastes from certain defined types of person." *PCS Nitrogen Inc. v. Ashley II of Charleston LLC*, 714 F.3d 161, 167 (4th Cir. 2013) (quoting *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 191 F.3d 409, 413 (4th Cir. 1999)). To establish a prima facie case for cost recovery, a plaintiff must plead that (1) the defendant is a potentially responsible person ("PRP"); (2) the site constitutes a "facility"; (3) a "release" or a threatened release of hazardous substances exists; (4) the plaintiff has incurred costs responding to the release or threatened release of hazardous substances; and (5) the response costs conform to the National Contingency Plan. *Id*. at 167-68 (citing 42 U.S.C. §§ 9601(9), (22), 9607(a) and *ABB Indus. Sys., Inc. v. Prime Tech., Inc*., 120 F.3d 351, 356 (2d Cir.1997)).

There are four non-mutually exclusive classes of PRPs. *Id*. at 172 (citing 42 U.S.C. § 9607(a) and *Nurad, Inc. v. William E. Hooper & Sons Co.*, 966 F.2d 837, 841 (4th Cir. 1992)). They include (1) the current "owner" or "operator" of a "facility"; (2) any "person" who "owned" or "operated" the "facility" at the time of disposal of a hazardous substance; (3) any "person" who "arranged for disposal or treatment" of hazardous substances at the "facility"; and

5

(4) any "person" who accepts hazardous substances "for transport to disposal or treatment facilities, incineration vessels or sites." *Id.* "The classes of PRPs have an undeniably broad reach." *Id.* (citing *United States v. Atl. Research Corp.*, 551 U.S. 128, 136 (2007)).

KSI contends, based on what it terms "contradictory" alleged facts and exhibits, that it cannot be held liable as a PRP because it did not actually "lease" its Lenoir property to DAFCO (although there appears to be no dispute that thousands of the "totes" at issue were stored there and KSI had DAFCO "evicted" for failure to pay rent) and did not "arrange" for shipment of the totes to the CERCLA Site, although again there is other proffered evidence and allegations that KSI shipped totes to the Site. Therefore, although discovery and further proceedings may in fact establish that KSI's contentions are correct (and the Court expresses no opinion on the merits of Plaintiff's claims), at this early stage of the case, Plaintiff's plausibly pled allegations must be taken as true and are sufficient to establish that KSI may be a PRP. The M&R's recommendation that KSI's motion to be dismiss be denied as to Plaintiff's CERCLA claims will accordingly be adopted.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant Kiser-Sawmills Inc.'s ("KSI") Motion to Dismiss (Doc. No. 78) is **GRANTED** as to Plaintiff's breach of contract claim, but otherwise **DENIED**;

2. Defendant Eco-Tote Contained Services LLC's "Motion to Dismiss…" (Doc. No. 81) is **GRANTED** as to Plaintiff's breach of contract claim, but otherwise **DENIED;**

3. Defendant Thomas J. McKittrick's "Motion to Dismiss…" (Doc. No. 79) is **GRANTED** and he is hereby dismissed from this action;

4. Defendant Eco-Tote Contained Services LLC's "Motion to Dismiss Defendant Anderson Family Properties LLC's Amended Crossclaims" (Doc. No. 104) and "Motion to Dismiss Defendant Kiser-Sawmills Inc.'s Crossclaims" (Doc. No. 109) are **GRANTED** as to Anderson Family Properties LLC and Kiser-Sawmills, Inc.'s Crossclaims for breach of contract and negligence, but otherwise denied;

5. Defendant Thomas J. McKittrick's "Motion to Dismiss Defendant Kiser-Sawmills Inc.'s Crossclaims" (Doc. No. 111) is **GRANTED**; and

6. This case shall proceed towards a decision on the merits of the remaining claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

*[Signature]*

Kenneth D. Bell
United States District Judge

Signed: February 4,