# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:21-CV-00069-KDB-DSC

| | |
|---|---|
| TAILORED CHEMICAL PRODUCTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DAFCO INC., ET AL., <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Appropriate Relief (Doc. No. 157). For the reasons briefly discussed below, the Court will deny the motion with leave for the Plaintiff to seek default against Defendant Dafco, Inc. directly based on its failure to engage counsel as previously ordered by the Court. *See* Doc. No. 148.

Plaintiff Tailored Chemical Products, Inc. ("TCP") filed this action for Cost Recovery and Contribution under 42 U.S.C. §§ 9613 of the Comprehensive Environmental Response, Cost Recovery and Liability Act ("CERCLA") against numerous defendants, including Dafco Inc., related to the analysis, treatment, removal and disposal of wastewater from property in Hudson, North Carolina (the "Site"). In November 2021 Dafco answered TCP's Amended Complaint through its counsel. Doc. No. 133. On July 18, 2022, Dafco's attorney Svend Deal moved to withdraw from the representation on the ground that Dafco had not cooperated in counsel's efforts to obtain information and documents necessary to prepare a defense. Doc. No. 147. On the same date, the Court granted the motion, allowing Deal to withdraw as counsel and ordering Dafco to secure replacement counsel who was required to file an entry of appearance within thirty days of

1

the date of the Order, i.e. by August 17, 2022. To date, no attorney has entered an appearance as counsel for Dafco as ordered.

On December 1, 2022, Plaintiff filed the pending motion seeking "appropriate relief" – specifically striking Dafco's Answer to the Amended Complaint – on the grounds that as a corporation Dafco cannot represent itself in this matter. *See* Doc. Nos. 157, 158. The Court agrees with Plaintiff that a corporation may not represent itself in federal court and the failure of a corporate party to obtain counsel as required by a court's order may subject the corporation to motions for further relief. *See Rowland v. Cal. Me's Colony Unit II Men's Advisory Council*, 506 U.S 194, 201-0 (1993); *Tasz, Inc. v. Industrial Thermo Polymers, Ltd.*, 2014 WL 12743787, at *1 (W.D.N.C. 2014). However, the Court does not find the relief sought by Plaintiff to be appropriate. Dafco filed its Answer to the Amended Complaint through its original counsel and its later, ongoing failure to timely obtain substitute counsel after that counsel's withdrawal does not constitute grounds for striking the properly filed Answer. Accordingly, Plaintiff's motion must be denied.

While the Court is constrained to deny the particular relief sought by Plaintiff, it will do so with specific leave for Plaintiff to move the Court to enter a default against Dafco for its failure to obtain substitute counsel (and thereby defend this action) as previously ordered by the Court.

**NOW THEREFORE IT IS ORDERED THAT:**

Plaintiff's Motion for Appropriate Relief (Doc. No. 157) is **DENIED** with leave for Plaintiff to move the Court, with proper notice to Dafco, to enter a default against Dafco for its failure to obtain substitute counsel as previously ordered by the Court.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 20,

Kenneth D. Bell
United States District Judge