IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00069-KDB-SCR

| | |
|---|---|
| TAILORED CHEMICAL PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KISER-SAWMILLS, INC.; CENTER FOR APPLIED RENEWABLE RESOURCES AND ENERGY INC.; THOMAS J. MCKITTRICK; ECO-TOTE CONTAINER SERVICES, LLC; BRENNTAG MID-SOUTH, INC.; DONALD E. BARRIER, II; DAFCO INC.; ELIZABETH B. KEISTER; PERRY R. KEISTER; AND ANDERSON FAMILY PROPERTIES, LLC, <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Kiser-Sawmills, Inc.'s ("KSI") Motion for Summary Judgment, (Doc. No. 170), which Plaintiff opposes. The Court has carefully considered this motion, the parties' briefs and exhibits, and other relevant pleadings of record. As discussed below, the Court finds that there are genuinely disputed issues of material facts with respect to Plaintiff's claim that KSI is subject to contribution under 42 U.S.C. 9613 Comprehensive Environmental Response, Cost Recovery and Liability Act ("CERCLA"). Therefore, the Court will **DENY** the motion.

1

# I. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *United States v. 8.929 Acres of Land in Arlington Cnty., Virginia*, 36 F.4th 240, 252 (4th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)); *see United States, f/u/b Modern Mosaic, LTD v. Turner Construction Co., et al.*, 946 F.3d 201, 206 (4th Cir. 2019). A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *8.929 Acres of Land,* 36 F.4th at 252. "A fact is material if it might affect the outcome of the suit under the governing law." *Id.*, (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (when the nonmoving party "has failed to make a sufficient showing on an essential element of [his] claim with respect to which [he] has the burden of proof," summary judgment is warranted); *United States ex rel. Gugenheim v. Meridian Senior Living, LLC*, 36 F.4th 173, 178 (4th Cir. 2022). If the movant satisfies his initial burden to demonstrate "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmovant to "present specific facts showing that there is a genuine issue for trial." *8.929 Acres of Land,* 36 F.4th at 252, quoting *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021). Rather, the nonmoving party must establish that a material fact is genuinely

disputed by, *inter alia*, "citing to particular parts of the materials of record" and cannot rely only on "conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Fed. R. Civ. P. 56(c)(1)(A); *8.929 Acres of Land,* 36 F.4th at 252, quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

Still, summary judgment is not intended to be a substitute for a trial of the facts. *Anderson*, 477 U.S. at 249. In determining if summary judgment is appropriate, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weigh[ing] the evidence or mak[ing] credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted) (quoting *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017). "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)).

In the end, the relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## II. FACTUAL BACKGROUND

In this action, Plaintiff Tailored Chemical Products, Inc. ("Tailored Chemical") seeks contribution under CERCLA related to the disposal of several thousand 275-gallon wastewater totes at a property owned by Anderson Family Properties, LLC (the "Disposal Site"). Tailored Chemical alleges that several parties, including KSI, are liable under CERCLA for their participation in the disposal of the wastewater totes. The claims against KSI arise out of their

3

alleged actions in knowingly arranging for the transportation of the wastewater to the Disposal Site.

## III.    DISCUSSION

The question before the Court is whether there are genuine disputed material facts as to KSI's liability to Plaintiff for contribution under CERCLA for its role in the disposal of the hazardous waste. Specifically, Plaintiff claims that KSI is liable as an "arranger" involved in the disposal of the hazardous substances. As discussed below, the Court finds that there is a genuine factual dispute concerning KSI's liability that precludes summary judgment.

Under CERCLA, four categories of parties are prima facie liable in a cost recovery action: (1) the current owner or operator of a facility; (2) a person who previously owned or operated a facility at the time of "disposal" of hazardous substances; (3) a person who arranged for the disposal or treatment of hazardous substances; and (4) a person who transported hazardous substances for disposal. 42 U.S.C. § 9607(a)(1)-(4).

Mindful of the governing rule that "[w]hen ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party," *Jones v. Lowe's Companies, Inc.*, 402 F. Supp. 3d 266, 276 (W.D.N.C. 2019), the Court agrees with the Plaintiff that its CERCLA claim survives summary judgment. The Plaintiff has forecasted sufficient evidence from which a reasonable jury could find that Defendant was a liable party subject to CERCLA. First, there is no dispute that a significant number of the 275-gallon wastewater totes came from KSI's facility. *See* Doc. No. 174 at 2-3; *see also* Doc. No. 170 at 8. Thus, remaining at issue is whether KSI arranged for a portion of those totes to be transferred to AFP's property, and whether KSI itself should be considered a transporter for the purposes of liability under CERCLA. KSI maintains that it is not a "potentially

4

responsible person" subject to CERCLA because it is not the current or previous owner or operator of the site in question at the time of the disposal of hazardous substances. *See* Doc. No. 170 at 7. KSI further argues that in order to be a liable arranger or transporter under Section 107(a)(4) it must have been involved in selecting the site for disposal, and that it was not. *See id* at 7-8. Finally, KSI asserts that it had no knowledge of hazardous waste, nor the intent to arrange for the transportation or disposal of hazardous waste. *See id* at 5-6.

At trial, the jury may believe KSI's version of events. However, Plaintiff has forecasted evidence, including AFP's Bills of Lading, which list KSI as the "shipper." *See* Doc. No. 174 at 27-26. Further, Plaintiff has provided evidence, including sworn affidavits, witness statements and admissions by KSI in a prior settlement agreement, which contradict KSI's claims that they were unaware of the waste and did not intend to arrange for the transportation or disposal of the hazardous waste. *See id* at 26-36. Thus, Plaintiff has established that a rational jury could, but need not, find for them on the issue of KSI's liability as an arranger or transporter of hazardous waste under CERCLA. Accordingly, the Plaintiff has presented sufficient evidence to survive summary judgment.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion for Summary Judgment (Doc. No. 170) is **DENIED**; and
2. This case shall proceed to trial on the merits on the remaining claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 20, 2023

Kenneth D. Bell
United States District Judge