IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00069-KDB-SCR

| | |
|---|---|
| TAILORED CHEMICAL PRODUCTS, INC.,<br><br>    **Plaintiff,**<br><br>v.<br><br>KISER-SAWMILLS, INC.;<br>CENTER FOR APPLIED RENEWABLE RESOURCES AND ENERGY INC.;<br>THOMAS J. MCKITTRICK;<br>ECO-TOTE CONTAINER SERVICES, LLC;<br>BRENNTAG MID-SOUTH, INC.;<br>DONALD E. BARRIER, II;<br>DAFCO INC.;<br>ELIZABETH B. KEISTER;<br>PERRY R. KEISTER; AND ANDERSON FAMILY PROPERTIES, LLC,<br><br>    **Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 184), and Defendant Anderson Family Properties, LLC's ("Anderson") Motion for Summary Judgment, (Doc. No. 188). The Court has carefully considered these motions, the parties' briefs and exhibits, and other relevant pleadings of record. As discussed below, the Court finds that there are genuinely disputed issues of material facts with respect to both motions and further that issues related to the appropriate allocation of responsibility among potentially responsible parties in this CERCLA action are best suited to resolution at trial rather than summary judgment. Therefore, the Court will **DENY** the motions.

1

# I. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *United States v. 8.929 Acres of Land in Arlington Cnty., Virginia*, 36 F.4th 240, 252 (4th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)); *see United States, f/u/b Modern Mosaic, LTD v. Turner Construction Co., et al.*, 946 F.3d 201, 206 (4th Cir. 2019). A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *8.929 Acres of Land,* 36 F.4th at 252. "A fact is material if it might affect the outcome of the suit under the governing law." *Id.*, (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (when the nonmoving party "has failed to make a sufficient showing on an essential element of [his] claim with respect to which [he] has the burden of proof," summary judgment is warranted); *United States ex rel. Gugenheim v. Meridian Senior Living, LLC*, 36 F.4th 173, 178 (4th Cir. 2022). If the movant satisfies his initial burden to demonstrate "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmovant to "present specific facts showing that there is a genuine issue for trial." *8.929 Acres of Land,* 36 F.4th at 252, quoting *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021). Rather, the nonmoving party must establish that a material fact is genuinely

2

Case 5:21-cv-00069-KDB-SCR    Document 210    Filed 08/16/23    Page 2 of 7

disputed by, *inter alia*, "citing to particular parts of the materials of record" and cannot rely only on "conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Fed. R. Civ. P. 56(c)(1)(A); *8.929 Acres of Land,* 36 F.4th at 252, quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

Still, summary judgment is not intended to be a substitute for a trial of the facts. *Anderson*, 477 U.S. at 249. In determining if summary judgment is appropriate, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weigh[ing] the evidence or mak[ing] credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted) (quoting *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017). "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)).

In the end, the relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## II. FACTUAL BACKGROUND

In this action, Plaintiff Tailored Chemical Products, Inc. ("Tailored Chemical") seeks contribution under CERCLA related to the disposal of several thousand 275-gallon wastewater totes at a property owned by Anderson (the "Disposal Site"). Tailored Chemical alleges that numerous parties are liable under CERCLA for their participation in the disposal of the wastewater totes or ownership of the land at which the disposal occurred.

3

### III.     DISCUSSION

#### A.     Plaintiff's Motion for Summary Judgment

In its motion, Plaintiff seeks summary judgment against each of the remaining defendants on Plaintiff's claims for contribution and Declaratory Judgment under CERCLA. For the reasons discussed briefly below, the Court finds that entry of summary judgment would be inappropriate. Further, Plaintiff's arguments concerning allocation of its cleanup costs will be considered at trial, rather than ruled on here.

Section 113 of CERCLA, 42 U.S.C. § 9613 (f) (1), authorizes any person to seek contribution from any other person who is potentially responsible under 42 U.S.C § 9607 during or following any civil action under § 9607 or § 9606 of CERCLA. Under § 9607(a) (2), the owner or operator of a facility at the time a hazardous substance was disposed of at the facility is potentially responsible under § 9607. Under § 9607(a) (3), any person who arranged for transportation of hazardous waste to a facility for disposal or treatment is potentially responsible under § 9607. 42 U.S.C. § 9607(a) (2) and (3) (b). Any of these persons is "strictly liable" for costs incurred in responding to a release of hazardous substances. *Nurad, Inc. v. William E. Hooper & Sons Co.,* 966 F. 2d. 837 (4th Cir. 1992) (citing *United States v. Monsanto Co*., 858 F. 2d. 160, 167 (4th Cir. 1988)); *Von Duprin LLC v. Major Holding LLC*, 12 F. 4th 751, 762 (7th Cir. 2021). However, the statute provides defenses to this strict liability in 42 U.S.C. § 9607(b). Those defenses preclude a finding of liability against "a person otherwise liable who can establish by a preponderance of the evidence that the release or threat of release of a hazardous substance and the damages resulting therefrom were caused solely by":

> (3) an act or omission of a third party other than an employee or agent of the defendant, or than one whose act or omission occurs in connections with a contractual relationship, existing directly or indirectly with the defendant … if the defendant establishes by a preponderance of the evidence that (a) he exercised due

4

care with respect to the hazardous substance concerned, taking into consideration the characteristics of such hazardous substance, in light of all the relevant facts and circumstances, and (b) he took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions …

42 U.S.C. § 9607(b).

Plaintiff's expert witness Dr. Rabah identified several potentially responsible parties ("PRP's") that should share in the burden of cleaning up the Disposal Site, including DAFCO, Tailored, Anderson, Kiser-Sawmills and Marx Industries and allocated the remedial action costs among the PRP's using several different scenarios. However, Anderson and others have challenged their statutory liability based on a Section 9607(b) defense as well as the amount of their appropriate allocation, even if they are potentially liable.

Considering the record as a whole and with due regard for the requirement that a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party," *Jones v. Lowe's Companies, Inc.*, 402 F. Supp. 3d 266, 276 (W.D.N.C. 2019), the Court disagrees with the Plaintiff that it is entitled to summary judgment. There are plainly disputed factual issues among the parties which the Court must resolve at trial to determine the applicability of the relevant defenses as well as allocate responsibility among any PRPs who are not protected by a defense. Moreover, the Court declines Plaintiff's invitation to conduct its allocation inquiry as a matter of law on the limited record at summary judgment. Rather, the Court will consider allocation (and exercise its broad authority under CERCLA) after weighing all the appropriate equitable factors at trial.

Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment.

### B. Anderson's Motion for Summary Judgment

Similarly, the Court cannot resolve Anderson's claims for judgment in its favor as a matter of law at summary judgment. Anderson argues that although it would otherwise be a PRP based on its ownership of the Disposal Site, it is not liable because it is entitled to the protection of the Section 9607(b) defense quoted above because it did not authorize the disposal of hazardous waste on its property and sought to have it removed once it was discovered. Plaintiff responds in turn that Anderson is not entitled to raise this defense because the release or threatened release of hazardous waste in this case occurred in connection with the contractual lease relationships involving Anderson's property. Thus, the applicability of the Section 9607(b) "third party" defense is genuinely disputed and should not be resolved at summary judgment. Moreover, Anderson's alternate argument that its limited role as the lessor of the property and efforts to promptly seek removal of the waste should lead to no allocation of responsibility for the remedial costs must, like the other allocation issues discussed above, await full consideration in the Court's allocation analysis at trial.

Therefore, summary judgment will not be granted to Anderson.

6

Case 5:21-cv-00069-KDB-SCR   Document 210   Filed 08/16/23   Page 6 of 7

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 184), and Defendant Anderson Family Properties, LLC's Motion for Summary Judgment, (Doc. No. 188) are **DENIED**; and

2. This case shall proceed to trial on the merits on the remaining claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: August 16, 2023

Kenneth D. Bell
United States District Judge