# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:21-CV-00069-KDB-SCR

| | |
|---|---|
| TAILORED CHEMICAL PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAFCO INC., ET AL., <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on several Motions in Limine filed by Plaintiff Tailored Chemical Products, Inc. ("TCP") and Defendant Anderson Family Properties, LLC ("AFP") (Doc. Nos. 214-217). The Court has carefully considered these motions, the related briefs, other filings of record, and oral argument on the motions from counsel on September 12, 2023. For the reasons discussed, the Court will in part **GRANT** and in part **DENY** the motions as described below.

## I.  LEGAL STANDARD

"The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the [factfinder] will consider." *Moke Am. LLC v. Am. Custom Golf Cars, Inc.*, No. 3:20CV400, 2023 WL 3686963, at *1 (E.D. Va. Jan. 11, 2023). These motions help to streamline a case by allowing a court to avoid "lengthy argument at, or interruption of, the trial." *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987); *see also Changzhou Kaidi Elec. Co., Ltd. v. Okin Am., Inc.*, 102 F. Supp. 3d 740, 745 (D. Md.

1

2015) ("[Motions in limine] are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.' " (quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013))). Because "[q]uestions of trial management are quintessentially the province of the district courts," *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006), the district court has "broad discretion" to grant or deny motions in limine. *Kauffman v. Park Place Hosp. Grp.*, 468 F. App'x 220, 222 (4th Cir. 2012); *US Wind Inc. v. InterMoor, Inc.*, 640 F. Supp. 3d 390 (D. Md. 2022).

However, "the exclusion of evidence is [generally] disfavored in a bench trial." *Teel v. City of Greenville (NC) Police Dep't*, 2007 WL 9760002, at *1 (E.D.N.C. Sept. 21, 2007); *see Schultz v. Butcher*, 24 F.3d 626, 631-32 (4th Cir. 1994) (noting that the Federal Rules of Evidence's requirements are relaxed in bench trials, where "the district court can hear relevant evidence, weigh its probative value and reject any improper inferences"). Indeed, some courts have suggested all evidence be provisionally admitted in a bench trial unless it is clearly inadmissible, privileged or too time consuming. *See Nat'l R.R. Passenger Corp. v. Catalina Enterprises, Inc. Pension Tr.*, 147 F. App'x 378, 384 (4th Cir. 2005) (Widener, J., dissenting) (discussing generally the exclusion of evidence in a bench trial); *Eagle–Picher Indus., Inc. v. Liberty Mut. Ins. Co.,* 682 F.2d 12, 18 (1st Cir.1982) ("a district court, sitting without a jury, might be well advised to admit provisionally all extrinsic evidence of the parties' intent, unless it is clearly inadmissible, privileged, or too time consuming*,* in order to guard against reversal"); *Gulf States Utils. Co. v. Ecodyne Corp.,* 635 F.2d 517, 519 (5th Cir. 1981) (calling exclusion of "prejudicial" evidence in a bench trial a "useless procedure") (*Gulf States* adopted by the Fourth Circuit in *Schultz*, 24 F.3d 626).

## II. FACTS AND PROCEDURAL HISTORY

In this action, TCP seeks contribution under CERCLA related to the disposal of several thousand 275-gallon wastewater "totes" at a property owned by AFP (the "Disposal Site"). TCP

2

alleges that numerous parties are liable under CERCLA for their participation in the disposal of the wastewater totes or ownership of the land at which the disposal occurred. The Defendants each dispute their liability as "potentially responsible parties" under the statute and/or contend that the Court should not allocate to them any of the cost incurred by TCP to clean up the Disposal Site. The matter is now before the Court for a bench trial on all the Parties' claims and defenses and the equitable allocation of response costs.

## III. DISCUSSION

Applying the flexible and more lenient standard for the consideration of evidence during a bench trial, but mindful of not ignoring the governing rules or wasting the time of the Parties or the Court, the Court decides the pending motions in limine as follows:

### A. Plaintiff's First Motion in Limine – To Prevent Defense Expert Testimony (Doc. No. 215)

Plaintiff's first motion in limine asks the Court to prevent Defendants from offering expert testimony on the grounds that Defendants did not identify any experts during discovery nor produce any expert reports. Only Defendant AFP has responded to the motion. In its response it 1) explains why it didn't timely identify an expert (it claims that it only learned of Plaintiff's expert at the Parties' mediation, while acknowledging that Plaintiff much earlier identified its expert and produced his report by an email it can't find), 2) argues why Plaintiff's expert report should be excluded (which is the subject of its own motion in limine); 3) says that it doesn't need to present expert testimony to counter Plaintiff's expert; and 4) finally, asks the Court to permit it to "offer rebuttal expert testimony" if Plaintiff's expert is allowed to express an opinion.

Regardless of the Court's ultimate ruling with respect to Plaintiff's expert's testimony at trial (see below), the rules - as well as simple fairness - clearly require that any potential expert testimony be disclosed well before trial, along with a report of the expert's opinions. *See* Doc. No.

150, Fed. R. Civ. P. 26 (a)(2)(B). Therefore, Plaintiff's first motion in limine will be granted, and Defendants will not be permitted to present expert testimony at trial, in "rebuttal" or otherwise.

> **B.     Plaintiff's Second Motion in Limine – To Prohibit Certain Alleged Hearsay (Doc. No. 216)**

Plaintiff's second motion in limine seeks to prevent AFP from offering alleged hearsay statements of Jack Temple, Jr. (TCP's Chairman), DAFCO and Elizabeth Keister (DAFCO's President) and to prohibit AFP from offering testimony that it did not sign an agreement with EPA because of the advice of its counsel. In response, AFP contends that any statements made by Mr. Temple, Ms. Keister and DAFCO are not hearsay under Fed. R. Evid. 801(d)(2) and it will not elicit hearsay testimony from its counsel, if he is called as a witness.

The Court agrees with AFP with respect to not precluding the testimony at this time. Under Rule 801(d)(2), statements made by a party opponent (or by its agent or employee within the scope of that relationship) are not hearsay and may be offered against the opposing party. Further, with respect to any questioning of AFP's counsel (which may of course raise the issue of a broader waiver of attorney-client privilege), the Court cannot rule on any hearsay objection prior to hearing the actual question being asked. Therefore, Plaintiff's second motion in limine will be denied, without prejudice to Plaintiff renewing its objection in connection with specific testimony offered or sought at trial.

> **C.     Plaintiff's Third Motion in Limine – To Prevent Evidence Re Totes (Doc. No. 217)**

Plaintiff's final motion in limine requests that the Court prohibit AFP from presenting evidence regarding the source and number of totes at the Disposal Site, arguing that this evidence is barred by "res judicata" because those facts were decided in the earlier state court action between

AFP and TCP. AFP[1] defends the motion on several grounds, including that the motion is moot because Plaintiff and ATP (and some other defendants) have stipulated to the information which is the subject of the motion. *See* Doc. No. 223 at ¶¶ 25-26. In its Reply, Plaintiff agrees that the motion is moot if the Court accepts the stipulation, which it will as among the parties who agreed to the stipulation.[2] Therefore, Plaintiff's third motion in limine will be denied as moot.

### D. Defendant AFP's Motion in Limine – To Disqualify Plaintiff's Expert (Doc. No. 214)

The final motion before the Court is AFP's motion to disqualify and exclude Plaintiff's expert witness Nidal Rabah from testifying under Fed. R. Evid. 702. Under Federal Rule of Evidence 702, "[a] district court considering the admissibility of expert testimony exercises a gate-keeping function to assess whether the proffered evidence is sufficiently reliable and relevant." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999). "Relevant evidence, of course, is evidence that helps 'the trier of fact to understand the evidence or to determine a fact in issue.'" *Nease v. Ford Motor Co*., 848 F.3d 219, 229 (4th Cir. 2017) (quoting *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 591 (1993)). "Rule 702 was intended

---

[1] Defendant Kiser-Sawmills, Inc. ("KSI") also filed a "response" to the motion, asking the Court for affirmative relief on its own behalf; specifically, that AFP and TCP be precluded from asserting that KSI has any responsibility for the totes because KSI was not involved in the state court action. Beyond being an unsuccessful argument in substance (the state court action didn't involve any CERCLA claims nor did the state judge make any findings as to the specific number or source of all the totes), KSI's "response" is actually an independent motion in limine (that would be untimely at this point).

[2] KSI opposes (in part) the other parties' factual stipulations. As discussed during the Pretrial Conference, KSI is not bound by the stipulations; however, the Court will accept the stipulations as binding on the parties who agreed to them (as if the stipulations were responses to requests for admission on the stipulated facts). *See J.F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp.,* 542 F.2d 1318, 1322 (7th Cir.1976) ("On its face, Rule 16 of the Federal Rules of Civil Procedure does not authorize a court to force parties to stipulate facts to which they will not voluntarily agree."); *Pagan Colon v. Walgreens de San Patricio, Inc.*, 269 F.R.D. 165, 168–69 (D.P.R. 2010).

to liberalize the introduction of relevant expert evidence." *Westberry*, 178 F.3d at 261 (citing *Cavallo v. Star Enter.*, 100 F.3d 1150, 1158-59 (4th Cir. 1996)). Therefore, the court "need not determine that the expert testimony ... is irrefutable or certainly correct.... As with all other admissible evidence, expert testimony is subject to being tested by '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'" *Id.* (citation omitted) (quoting *Daubert*, 509 U.S. at 596).

Further, although Rule 702 applies in bench trials, "the Court has increased discretion in how to perform its gatekeeping role." *Acosta v. Vinoskey*, 310 F. Supp. 3d 662, 667 (W.D. Va. 2018). The thrust of Rule 702 is to protect the jury from "evidence that is unreliable for reasons they may have difficulty understanding." *Quality Plus Servs., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, No. 3:18-cv-454, 2020 WL 239598, at *13 (E.D. Va. Jan. 15, 2020) (quoting 29 Charles A. Wright & Victor J. Gold, *Federal Practice and Procedure* § 6270 (2d ed. 2019)); *see also In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011) ("The main purpose of *Daubert* exclusion is to protect juries from being swayed by dubious testimony."). However, when the judge serves as the factfinder, this risk of confusion presents significantly less of a concern, if any at all. *See United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005) ("There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself.").

Thus, the Court has discretion to admit the expert evidence "subject to the ability later to exclude it or disregard it" at trial. *Hewett v. City of King*, 2014 WL 7642093, at *1 (M.D.N.C. Sept. 8, 2014) (quotation omitted); *see also Pender v. Bank of Am. Corp.*, 2016 WL 6133850, at *3 (W.D.N.C. Oct. 20, 2016) ("As this is a bench trial, the Court can freely accept or reject an expert's testimony at trial as the trier of fact."); *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006)

("[W]here the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702.").

Mr. Rabah has both education and experience related to environmental contamination issues, and AFP does not (and could not) contend that he is unqualified to express an opinion with respect to such issues. Rather, AFP argues that he will be offering "legal opinions" that invade the province of the Court to decide the proper equitable allocation of responsibility and complains that his opinion is unsupported by the relevant facts. Specifically, as to his "legal opinions," AFP alleges that Mr. Rabah's report, entitled *Allocation of Removal Action Cost DAFCO Tote Site*, purports to apply various legal factors to propose and argue for an allocation of response costs favorable to Plaintiff. This, according to AFP, is either an attempt to do the Court's job or legal argument, neither of which is appropriately considered expert testimony under Rule 702.

Plaintiff disavows any intent to present expert legal opinions on the ultimate legal issues, and the Court will hold Plaintiff to that representation (which certainly appears to be called into question by Mr. Rabah's "allocation" opinions). However, in light of the discretion afforded the Court by a bench trial and the fact that some of his opinions relate to issues underlying the allocation decision (for example the reasonableness of the response costs) rather than the allocation itself, the Court declines to preclude all of Mr. Rabah's testimony. Indeed, many of AFP's objections related to the alleged inconsistency between his opinions and the facts go to the weight not the admissibility of his testimony. Instead, the Court will allow Mr. Rabah to testify and defer a final ruling on the admissibility and weight to give his testimony until it can be evaluated at trial.

7

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The pending motions in limine (Doc. Nos. 214-217) are in part **GRANTED** and in part **DENIED** as described above**;** and

2. This case shall proceed to trial on the merits in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 12, 2023

Kenneth D. Bell
United States District Judge